RECEIVED
IN LAKE CHARLES, LA

FEB 15 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RAPHAEL SIAS | : | DOCKET NO. 05 CV 2031 |
| VS. | : | JUDGE TRIMBLE |
| PHILLIP TERRELL, ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a Rule 12(b)(6) motion to dismiss (doc. #14) defendant, Phillip Terrell. Plaintiff, Raphael Sias has filed no opposition to the motion. For the following reasons, the motion to dismiss will be granted.

## FACTUAL STATEMENT

Raphael Sias filed the instant suit alleging that he was embarrassed and defamed on September 20, 2004, when unnamed associates in the accounting department at Wal-Mart Store No. 331 in Sulphur, Louisiana, left a derogatory and insulting message on his home answering machine. Sias named as defendants, Wal-Mart Louisiana, L.L.C.[1], Claims Management, Inc. and Phillip Terrell, Wal-Mart's store manager. Mr. Terrell maintains that the petition fails to state a claim upon which relief can be granted.

## RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the Court must

---

[1] Erroneously referred to in the Complaint as Wal-Mart Store, Inc.

accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in plaintiff's favor.[2] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[3] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[4] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[5]

## LAW AND ANALYSIS

A complaint must set forth factual allegations sufficient to establish the elements that are crucial to recovery under plaintiff's claim.[6] The Court has reviewed the Complaint and finds that it fails to specify any factual allegations as to any recognizable cause of action against Mr. Terrell. The simple fact that Mr. Terrell is the store manager, without any other factual allegations is insufficient to state a claim against him for any alleged cause of action that plaintiff may be asserting in the lawsuit.

---

[2] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n.* 987 F.2d 278, 284 (5th Cir. 1993); *Brumberger v. Sallie Mae Servicing Corp.*, 2003 WL 1733548, *1 (E.D. La. March 28, 2003).

[3] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[4] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[5] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[6] *Id.*

2

## CONCLUSION

For the reasons set forth above, the motion to dismiss defendant, Phillip Terrell, will be granted, with prejudice at plaintiff's cost.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 15th day of February, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE