**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **RAPHAEL SIAS** | : | **DOCKET NO. 05-2031** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **WAL-MART STORES, INC., ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

**MEMORANDUM RULING**

Before the court is a Rule 12(b)(6) Motion to Dismiss [doc. # 29] filed by defendants, Wal-Mart Louisiana, L.L.C. and Claims Management, Inc.[1]

On July 26, 2005, Raphael Sias filed the above-captioned suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Made defendants were: Phillip Terrell; Wal-Mart Louisiana, L.L.C. (incorrectly named Wal-Mart Store, Inc.); and Claims Management, Inc. (Petition, ¶ 1; Notice for Removal, Preamble). Plaintiff alleges that he was defamed by office workers in Wal-Mart Super Store, Store # 331's Accounting Department and that he endured sexual harassment. (Petition, ¶¶ 4-5). Plaintiff contends that defendants are responsible for his ensuing damages. (Petition, ¶ 6).

On November 28, 2005, defendants removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. On February 15, 2006, defendant, Phillip Terrell, was dismissed from the case. (February 15, 2006, Memorandum Ruling and Judgment). On June 16, 2006, the remaining defendants, Wal-Mart Louisiana, L.L.C. ("Wal-Mart") and

---

[1] The above-captioned matter has been referred to the undersigned for the conduct of all further proceedings and the entry of judgment. 28 U.S.C. § 636(c).

Claims Management, Inc. ("CMI") filed the instant motion to dismiss for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). No opposition has been filed, and the time for accomplishing same has expired. (*See*, LR.7.5W, and Notice of Setting Motion [doc. # 30]). The matter is now before the court.

## 12(b)(6) Standard

> When considering a motion to dismiss for failure to state a claim, the District Court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff, ***Doe v. United States Department of Justice***, 753 F.2d 1092, 1102 (D.C. Cir. 1985) (citations omitted). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a Motion to Dismiss. See 2A Moore's Federal Practice Para. 12.-07 (2-5) at 12-64 n6 (2d ed. 1991) (collecting cases). Unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief," the complaint should not be dismissed for failure to state a claim, and leave to amend should be liberally granted. ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278 (5th Cir. 1993)

## Discussion

Plaintiff alleges that Wal-Mart's employees contacted him and left a defamatory message. (Petition, ¶ 4). Plaintiff further states that after playing the message,[2] he determined that the workers made loud derogatory statements amongst themselves regarding him. *Id*.

"Four elements are necessary to establish a defamation cause of action: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third

---

[2] Presumably, the message was left on plaintiff's telephone answering machine.

party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Trentecosta v. Beck*, 703 So.2d 552, 559 (La.1997)(citation omitted). Even if plaintiff were able to establish that Wal-Mart's employees defamed him, vicarious liability will attach against Wal-Mart for an intentional tort "only if the employee [was] acting within the ambit of his assigned duties and also in furtherance of his employer's objective." *Cager v. Williams,* 861 So.2d 239, 242 (La. App. 4th Cir. 2003)(citations omitted). In other words, the inquiry is whether, "the employee's tortious conduct was so closely connected in time, place and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interest." *Bennett v. Corroon and Black Corp.,* 517 So.2d 1245, 1248 (La. App. 4th Cir. 1987)(citing, *LeBrane v. Lewis*, 292 So.2d 216, 218 (La.1974). Here, there are no allegations that the alleged defamatory words were motivated by anything other than personal considerations extraneous to Wal-Mart's interest. *See*, Petition, ¶ 4; *Bennett, supra* (employer was not vicariously liable for employee's posting of defamatory and obscene cartoons of co-employee in bathroom).[3]

In his petition, plaintiff alleges that he endured sexual harassment. (Petition, ¶ 5). Yet, to state a claim for sexual harassment under either the state or federal anti-discrimination statutory schemes, there must be some form of an employer-employee relationship. *See*, 42 U.S.C. § 2000e; La. R.S. § 23:301, *et seq*. The instant petition does not allege any employment relationship between plaintiff and defendants.

---

[3] Vicarious liability does not attach merely because an employee commits an intentional tort on the employer's premises during working hours. *Cager, supra*, (citations omitted).

Finally, the petition does not contain any factual allegations against defendant, CMI. Moreover, CMI appears to have been joined as the liability insurer for Wal-Mart. (Petition, ¶ 1). However, if the petition does not state a claim against CMI's insured, Wal-Mart, then *a fortiori*, it does not state a claim against the liability insurer.

In sum, plaintiff's petition does not state a claim against remaining defendants, Wal-Mart and CGI. Accordingly, defendants' motion to dismiss for failure to state a claim [doc. # 29] is hereby GRANTED. Fed.R.Civ.P. 12(b)(6).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on July 13, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE